**IN THE UNITED STATES DISTRICT COURT** FILED

BILLINGS DIV.

**FOR THE DISTRICT OF MONTANA** 2010 AUG  9  AM 10 14

**BILLINGS  DIVISION**  PATRICK E. DUFFY CLERK

BY _____

DEPUTY CLERK

| | | |
|---|---|---|
| MCGILLIS/ECKMAN INVESTMENTS – BILLINGS, LLC, a Utah limited liability company, | ) ) ) ) ) | |
| | ) | CV-10-26-BLG-RFC |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| | ) ) | **ORDER ADOPTING FINDINGS AND RECOMMENDATIONS OF** |
| SPORTSMAN'S WAREHOUSE, INC., a Utah Corporation, | ) ) | **U.S. MAGISTRATE JUDGE** |
| Defendant. | ) ) ) | |

On June 30, 2010, United States Magistrate Judge Carolyn Ostby entered

Findings and Recommendation.  Magistrate Judge Ostby recommends this Court

grant Defendant's Motion to Transfer Venue and this matter should be transferred

to the United States District Court for the District of Delaware for referral to the

United States Bankruptcy Court of said District.

Upon service of a magistrate judge's findings and recommendation, a party

has 14 days to file written objections.  28 U.S.C. § 636(b)(1).  In this matter, no

party filed objections to the June 30, 2010 Findings and Recommendation.  Failure

1

to object to a magistrate judge's findings and recommendation waives all

objections to the findings of fact. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir.

1999). However, failure to object does not relieve this Court of its burden to

review de novo the magistrate judge's conclusions of law. *Barilla v. Ervin*, 886

F.2d 1514, 1518 (9th Cir. 1989).

Defendant argues that this case should be transferred pursuant to 28 U.S.C.

§ 1412 or 28 U.S.C. § 1404 because it arises in or is related to the SWI bankruptcy

proceedings. The following factors are to be considered in determining whether to

grant a § 1412 transfer "in the interest of justice":

> the variety of factors considered include the economics of
> estate administration, the presumption in favor of the "home
> court," judicial efficiency, the ability to receive a fair trial, the
> state's interest in having local controversies decided within its
> borders by those familiar with its laws, the enforceability of the
> judgment, and plaintiff's original choice of forum. *See In re
> Bruno's, Inc.*, 227 B.R. [311,] 324-25 [(N.D. Ala. 1998)].
> "[T]he most important consideration is whether the requested
> transfer would promote the economic and efficient
> administration of the estate." *In re Commonwealth Oil Refining
> Co.*, 596 F.2d 1239, 1247 (5th Cir. 1979).

*Reid-Ashman Manufacturing, Inc. v. Swanson Semiconductor Service*, 2008 WL

425638 at *2 (quoting SenoRx, LLP, 2007 WL 2470125 at *1). "The party

moving for a transfer has the burden to show by a preponderance of the evidence

that transfer under § 1412 is warranted." *Creekridge Capital, LLC v. Louisiana

Hosp. Center, LLC*, 410 B.R. 623, 629 (D. Minn. 2009). But, "[u]ltimately, the

decision to transfer venue of a case under title 11 is committed to the discretion of the court." *Matter of Emerson Radio Corp.*, 173 B.R. 490, 495 (D. N.J. 1994), aff'd in *In re Emerson Radio Corp.*, 52 F.3d 50 (3rd Cir. 1995); 28 U.S.C. § 1412.

Analysis of the relevant factors weigh in favor of transfer. Resolution of Plaintiffs' claims will potentially have a significant impact on the bankruptcy estate. The home court is in the United States Bankruptcy Court for the District of Delaware. Judicial efficiency will be served by administering all claims against the bankruptcy estate in one forum and the bankruptcy case remains pending in Delaware. Because this case is related to a bankruptcy case, Montana's interest in having local controversies determined locally is diminished. At its core, this case implicates the interpretation, implementation and administration of the Delaware Bankruptcy Court's orders and the Bankruptcy Code. The judgment will be enforceable whether issued by this Court or the Delaware Bankruptcy Court. Finally, the choice of forum consideration is not sufficient to override the other factors which weigh in favor of transfer.

After an extensive review of the record and applicable law, this Court finds Magistrate Judge Ostby's Findings and Recommendation are well grounded in law and fact and adopts them in their entirety.

Accordingly, **IT IS HEREBY ORDERED** that the McGillis/Eckman

Motion to Remand for lack of subject matter of jurisdiction (*Doc. 10*) is **DENIED**.

SWI's Motion to Transfer Venue (*Doc. 6*) is **GRANTED**.

It is further **ORDERED** that the Clerk of Court shall transfer this case to the

United States District Court for the District of Delaware for referral to the United

States Bankruptcy Court of said District, pursuant to 28 U.S.C. § 157(a).

The Clerk of Court shall notify the parties of the entry of this Order.

DATED the ___9th___ day of August, 2010.

RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE

4